### DOLLNER AND POTTER v. GIBSON.

The rule of pleading is, that it is not all the circumstances which go to make up a party's case, and which, if proved, would establish it, which must be pleaded, but only the legal effect of those facts.

As, on a sale of goods to an agent of the defendant, it is proper to aver a sale directly to the defendant, and an averment of a sale to the agent is improper, and will be stricken out on motion.

The object of pleading is not to obtain from the opposite party an admission of facts averred in the pleading, but to form a single and material issue, which the parties refer to the court or jury to try.

THIS was an application to strike out certain objectionable averments in a complaint. The action was for goods sold and delivered, and the complaint averred that the plaintiffs sold certain goods to one Maitland, as the agent of the defendant, and that the goods afterward came into the possession of the defendant.

The motion was to strike out of the complaint such parts as averred the sale to the agents.

*Ellis, Burrill, and Davison,* for plaintiffs.

*E. W. Stoughton,* for defendant.

*Edmonds, J.:* Among the many questions of doubt and difficulty which have arisen under the Code — and those have been very numerous which flow from the imperfect and inartificial use of the language in which it is expressed — there has been none which has given rise to as much diversity of opinion as that in regard to pleading. The Code begins by professing to abolish "all forms of pleading heretofore exist-

ing." (Section 140.) The first question that occurs is, what does this mean — "abolishing the forms of pleading?" Not, surely, that the words heretofore used in any given form of a count, or a plea, are stricken out of the English language and abolished, for that was scarcely in the power of the legislature; not that the combination of those words in the same form and sentences should never again be made by any one, for that was scarcely less attainable; but simply, as far as I can understand it, that parties to a suit should not be obliged to use those forms, for they are nowhere prohibited from using them. And as, before the Code, no party was obliged to use the forms then existing, it would seem to follow that the abolition of the forms, in reality, amounted to nothing. The Code, however, did not carry the abolition as far, even, as at first blush it seemed to, for it abolished the forms only so far as they might be inconsistent with that act, and modified them as prescribed by the act. The principles of pleading are left untouched, and, except as to form, naught else is done than to modify, also, the rules by which the sufficiency of pleading is to be determined. In all questions, then, as to pleading, we must bear in mind that the principles of pleading are untouched, and that the forms are affected only where they are inconsistent with some positive enactment of the Code. One principle, which lay at the foundation of our system of pleading — and the system was as admirable for its perfection as it was venerable for its age — was, that it was the legal effect of facts, and not the facts themselves, which were to be pleaded. The pleader did not set out all the circumstances by which he expected to establish his claim, all his probative facts, as they have, not inaptly, been termed, but only the legal conclusion which was properly deducible from them. For instance, a man lent a horse to one who refused to return him on demand. If the owner sought to recover him back specifically in replevin, he would plead merely that the borrower wrongfully detained his horse. If he sought to recover damages in trover, he would plead that he lost his horse, and the borrower had found him and appropriated him to his own.

use; and if he sought to recover the value of the horse in assumpsit, he would plead that he had sold and delivered him. So, in an action against an indorser of a promissory note, who had waived protest, the pleader would not set out the waiver but he would plead due protest, for such was the legal effect of the waiver. So, also, on a sale and delivery of goods — even where there was no express promise to pay for them — a promise was always pleaded, for that was the very foundation of the action, and was the legal effect of the fact of a sale, and the sale and delivery were pleaded merely as the consideration of the promise. So, too, when a man did an act by another as his agent, the act was always pleaded as the act of the principal, himself, for such was the legal effect of what was actually done.

This rule of pleading is fortunately still in force, for without it it would often be difficult to form any issue as soon as the reply, and when formed it would often be on some quite immaterial point. But it is very frequently, and indeed almost generally, disregarded by the profession. They are misled by their familiarity with the old mode of pleading in equity, and by the oath which the party is required to make to his pleading. They forget that one quality of equity pleading has been entirely abrogated, and that it is no longer to be used as a means of discovery. When it was so used, it was not merely a mode of setting out a claim, but was a means of obtaining evidence of particular facts to substantiate that claim, and it necessarily dealt in probative facts as well as in the legal effects of them. That whole thing, however, is changed, and pleading, which is the statement in a logical and legal form of the facts which constitute the cause of action or defense, has now that alone as its object, and is governed by the rule which always prevailed in equity as well as in law, where the pleading was not used as a means of obtaining evidence, namely, that the legal effects of facts themselves should be pleaded, the grand object being the creation of a certain and material issue upon some important part of the subject-matter in dispute, when both parties join upon some-

what that they refer to a trial to make an end of the suit. The whole doctrine is happily expressed by Chitty. Although any fact may be the gist of a party's case, and the statement of it is indispensable, it is still a most important principle of the law of pleading, that, on alleging the fact, it is not necessary to state such circumstances as merely tend to prove the truth of it. The dry allegation of the fact, without detailing a variety of minute circumstances, which constitute the evidence of it, will suffice. The rule may, indeed, be difficult in its application, but it has been rightly said, that it is so elementary in its kind, and so well observed in practice, as not to have become frequently the subject of illustration by decided cases. (1 Ch. Pl. 225.) The nature of the oath which, under the Code, the party is required to make in regard to his pleading, does not affect this rule; but the oath is subordinate to it, and necessarily qualified by it.

I have been thus particular on this subject, because of the many and growing evils which spring from the disregard of the rule that is becoming so prevalent. Pleadings are stuffed full of all sorts of immaterial averments, leading to great prolixity and expense, producing many issues, instead of a single one, giving rise to issues wholly immaterial, increasing the difficulties of trial, and often causing suits to be determined upon points quite foreign to the real matter in dispute; and it is high time the evil practice was checked. The case before me is an apt illustration of the disregard of the rule, and its consequences. If the averment that Maitland bought the goods for the defendant is a true one, then it was a sale directly to the defendant, and ought to have been so averred, for such was the legal effect of the several facts set out in the complaint. The plaintiffs have, however, chosen to set out several circumstances which tend to establish the fact of a sale to the defendant; but they nowhere aver such a sale, and the very foundation of their action is wanting unless we can spell out one, to save them from being defeated on their own showing. But this is not all. One of their probative facts, which they allege, is, that the goods were delivered after the contract of

Dollner and Potter v. Gibson.

sale to the defendant. Suppose that the defendant should choose to take issue on that averment alone, and go down to trial on it, and have a verdict in his favor, he would be entitled to judgment on his verdict, at the same time that the plaintiffs would have a good claim, on which they ought to recover, and for which they would recover but for this imperfect mode of pleading. It is true that the court might save the plaintiffs from the utter loss of their demand, by awarding a repleader, or giving judgment *non obstante veredicto*, but that would not be done without subjecting him to the costs of the suit. In the mean time the court will have had the trouble of trying an entirely immaterial issue, and of granting relief from the consequences of it afterward. I cannot imagine why the pleader has departed from the old and well established form of a count for goods sold and delivered. There is nothing in the Code that prevents his using it, and I apprehend that a few such cases, especially if his adversary had been cunning enough to let him go on to the end, would induce him to be of opinion with Lord Coke, that it is safer to follow good precedents for *nihil simul inventum est et perfectum*. I grant the motion in this case, though the complaint will not be good when the objectionable words are stricken out. It will, however, be better than it is now, for though it may not contain a cause of action, it will not contain a violation of a sound rule of pleading; and I am very much inclined to grant it, with costs. We have not been in the habit of granting costs in questions arising out of constructions of the Code, because of the necessity the profession have been under of groping their way amid the obscurity of its enactments; but I do not see but what we shall be obliged to alter our practice and grant costs in such cases, in order to compel the profession to become more familiar with the Code. I will not, however, begin the exception to the rule here; though, after this notice, I shall be very apt to begin it with the next case of the kind that comes before me.